IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ZACHARY L. DAVIS             :        CIVIL ACTION
                             :
        v.                   :        NO. 06-3541
                             :
MICHAEL J. ASTRUE,[1]        :
Commissioner of Social Security :

## MEMORANDUM AND ORDER

AND NOW, this 9th day of May, 2007, upon consideration of plaintiff's motion for summary judgment and brief and statement of issues in support of request for review[2] (Doc. No. 8), defendant's response (Doc. No. 9), and plaintiff's reply to defendant's response (Doc. No. 10), the court makes the following findings and conclusions:

1.      On February 13, 2003, Zachary Davis ("Davis") filed for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, alleging an onset date of June 2, 1994.[3] (Tr. 97-99). In a letter dated August 5, 2004, Davis amended his claim to include an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. (Tr. 269-70). Throughout the administrative process, including an administrative hearing held on August 6, 2004 before an administrative law judge ("ALJ"), Davis' claims were denied. (Tr. 4-7; 12A-21; 69-70; 79-82). Pursuant to 42 U.S.C. § 405(g), Davis filed his complaint in this court on August 14, 2006.

2.      In his decision, the ALJ concluded that Davis' obstructive sleep apnea and back disorder had no more than a minimal effect on Davis' ability to work, and, thus, were not severe. (Tr. 18

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne Barnhart as the defendant in this lawsuit.

[2] The procedural order provides that plaintiff shall file a brief and statement of issues in support of request for review. (Doc. No. 4). Thus, the court will so construe the plaintiff's motion for summary judgment (Doc. No. 8).

[3] Davis previously filed for DIB on June 4, 1998, alleging that he was disabled as a result of his sleep apnea (Tr. 65-68; 71-78; 94-96). This claim was denied at the Disability Determination Service level on July 21, 1998 and was not appealed after Davis' motion for reconsideration was denied on July 29, 1998. (Tr. 65-68; 71-78). As noted by the administrative law judge ("ALJ"), there is no medical evidence in the record relating to the time period from when the motion for reconsideration was denied by the Disability Determination Service to September 30, 1999, the date Davis was last insured. (Tr. 16 ¶ 3; 111). Since there is no such medical evidence, the ALJ found the evidence failed to show that Davis' alleged impairments caused more than a minimal impact on his ability to function, and, thus, Davis was not disabled for the purposes of DIB. (Tr. 16 ¶ 4). Since this decision regarding Davis' DIB application is supported by substantial evidence, the remainder of the memorandum and order relates solely to Davis' SSI claim.

¶ 5; 19 ¶ 3; 20 ¶ 2; 20 Finding 4).  As a result, the ALJ concluded that Davis was not disabled.  (Tr. 20 ¶ 3; 20 Finding 5).

        3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

        4.     Davis raises three arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous.  Because the Commissioner did not apply the proper legal standards and because his determination is not supported by substantial evidence, I must remand to allow the Commissioner to conduct the proper analysis.

        A.     Davis alleges that the ALJ failed to properly credit the opinion of his treating doctor, Stanley Boos, MD ("Dr. Boos"), by, among other things, failing to mention or discuss the residual functional capacity form Dr. Boos filled out regarding Davis' degenerative disc disease.[4] "The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  The ALJ failed to mention the form filled out by Dr. Boos and stated that the record contained no evidence of functional limitations with regard to Davis' degenerative disc disease.  (Tr. 18 ¶ 5).  As a result, the ALJ concluded that Davis' degenerative disc disease was not severe.  I note that the ultimate disability determination is reserved for the ALJ and a treating physician's opinion on that topic is not entitled to any special significance.  20 C.F.R. § 416.927(e)(1); S.S.R. 96-5p.  Furthermore, a treating physician is only provided controlling weight when his or her opinion is well supported by medically acceptable sources and not inconsistent with other substantial evidence in the record.  20 C.F.R. § 416.927(d)(2).  However, if the ALJ discounts the opinion of a treating physician, the ALJ must provide an explanation for his decision.  The failure to discuss Dr. Boos' opinion was particularly egregious here, where Dr. Boos' opinion was the only evidence in the record regarding Davis' functional limitations related to his degenerative disc disease and the form does note several limitations in functional capacity.  Since the ALJ failed to follow the proper legal standards in rejecting evidence, the case must be remanded so that Dr. Boos' opinion is properly evaluated.

        I would also note that the questionnaire filled out by Dr. Boos contained seemingly contradictory answers in that he stated Davis' degenerative disc disease could not be expected to last at least 12 months, which is inconsistent with a diagnosis of degenerative disc disease and his apparent conclusion that Davis was disabled.  (Tr. 196).  The Social Security Administration has stated, "We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the

---

[4]Although the form Dr. Boos filled out was entitled "Diabetes Mellitus Residual Functional Capacity Questionnaire," it was clear from the diagnosis of L5-S1 degenerative disc disease on the first page of the questionnaire that Dr. Boos was answering the questionnaire with regard to Davis' degenerative disc disease.  (Tr. 194).

2

necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.912(e)(1).  Since Dr. Boos provided the only objective medical evidence in the record regarding Davis' functional limitations related to his degenerative disc disease and the evidence contains conflicts that need to be resolved, on remand the ALJ should recontact Dr. Boos to seek clarification.

The same is true for Dr. Boos' statement regarding Davis' functional limitations related to his sleep apnea.  Dr. Boos stated in the residual functional capacity form for Davis' sleep apnea that it could not be expected to last at least 12 months, despite the fact that Davis had been diagnosed with obstructive sleep apnea since 1993 and the filling out of the rest of the form clearly demonstrated that Dr. Boos thought Davis was incapable of performing any competitive work.  (Tr. 154; 199-202).  The ALJ discounted Dr. Boos' opinion because Joanne Getsy, MD ("Dr. Getsy"), who conducted sleep studies on Davis, stated that Davis could work as far as his obstructive sleep apnea was concerned.  (Tr. 20 ¶1; 267).  Although Dr. Getsy had conducted a number of sleep studies on Davis over the years, it is unclear from the record what Dr. Getsy's conclusion is based upon since the last relevant evidence in the record was Davis' report to another doctor that despite using his BiPAP machine from 11:30 p.m. to 7:30 to 8:00 a.m. every night, he was still sleepy during the day, which is what Davis alleged caused him to be fired and prevented him from working.  (Tr. 45-46; 203; 267).  Since the ALJ is basing his determination on such a minimal record with the conclusions of these two treating physicians providing the only objective medical evidence of Davis' functional limitations, upon remand the ALJ should recontact these physicians to clarify the conflicts in their opinions.

B.     The above analysis demonstrates that the ALJ failed to fully consider the record before him, and thus, the court will not make a ruling on Davis' remaining arguments regarding the severity of Davis' impairments or whether the ALJ failed to consider Davis' obesity once the ALJ got beyond the step two analysis.  The ALJ is directed to reevaluate those issues once he has fully examined the record in accordance with the proper procedures and legal standards.

Upon careful and independent consideration, the record reveals as above analyzed that the Commissioner did not apply the correct legal standards and that the record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law.  As a result, the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

Therefore, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Zachary Davis is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., S.J.

3